IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FIRST WESTERN ADVISORS, INC.,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>AMERICAN INTERNATIONAL GROUP,<br>INC., et al.,<br><br>Defendants. | ORDER<br><br><br><br><br>Case No. 2:09-CV-720-TC |

In this diversity removal action, the court sua sponte investigated its subject-matter jurisdiction. In particular, the court ordered the Defendants to show cause why the complaint should not be remanded for failure to satisfy the amount in controversy requirement for diversity jurisdiction. 28 U.S.C. § 1332. After careful consideration of the complaint, the notice of removal, and the Defendants' response to the order to show cause, the court concludes that it is without subject-matter jurisdiction in this case and **REMANDS** the action to the Third Judicial District Court of Salt Lake County.

## BACKGROUND

Defendants American International Group, Inc., American International Specialty Lines Insurance Company, and AIG Technical Services, Inc. removed this action from the Third Judicial District Court of Salt Lake County pursuant to 28 U.S.C. §§ 1441, 1446. The notice of removal makes general allegations regarding complete diversity and the amount in controversy,

evidently invoking this court's original jurisdiction under 28 U.S.C. § 1332. Section 1332 gives

the federal district courts "original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties are

"citizens of different states." Id. § 1332(a)(1).

Although the parties do have diversity of citizenship, it was not clear from the complaint

or the notice of removal that the amount in controversy had been satisfied. The complaint alleges

that the Defendants failed to defend and indemnify Plaintiff First Western Advisors Inc. (First

Western) in a state court action as required by an "Investment Management Insurance Policy"

(Policy) between the parties. That underlying state court suit was a civil action filed by Karim

Mardanlou against First Western, which subsequently settled.

In the complaint, First Western maintains in its first cause of action for breach of contract

that it is entitled to "actual, general, and special damages including costs of investigating and

defending against the Claim, costs and expenses of settling the Claim and other fees, costs and

damages included consequential damages, prejudgment interest, in an amount to be determined

at trial." (Docket No. 1, Ex. A.) It also claims "additional consequential damages, including, but

not limited to, loss of business, lost profits, damage to reputation and attorneys' fees (incurred in

defending the Claim and in bringing this action), also including prejudgment interest." (Id.) The

complaint's second cause of action for breach of the implied covenant of good faith and fair

dealing requests similar general damages. The third cause of action for unjust enrichment

requests reimbursement for all monies paid by First Western to the Defendants under the Policy.

The fourth cause of action for breach of fiduciary duty requests exemplary damages "in an

amount to punish and deter Defendants." (Id.) The complaint attaches no monetary value to

2

these damages.  Regarding the amount in controversy, the notice of removal gives only a conclusory statement that "the amount in controversy exceeds $75,000 exclusive of interest and costs."  (Docket No. 1.).

Because no monetary amount of damages was described in the complaint or removal notice, the court issued an order to show cause why the case should not be remanded to state court for failure to satisfy the amount in controversy requirement.  The Defendants filed a response explaining why they believed this case exceeded $75,000.

## ANALYSIS

Subject-matter jurisdiction cannot be conferred by agreement of the parties, rather the court has an independent duty to examine its own jurisdiction.  Maier v. E.P.A., 114 F.3d 1032, 1036 (10th Cir. 1997).  When a defendant removes a case from state court, that defendant bears the burden of demonstrating that all elements necessary for the exercise of diversity jurisdiction are present.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).  In this case, the complaint does not specify the amount of damages requested and the Defendants bear the burden of establishing, by a preponderance of the evidence, facts supporting the jurisdictional amount.  McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008).

There is a strong presumption in removal cases that the plaintiff has not claimed an amount sufficient to meet the jurisdictional requirements.  Martin, 251 F.3d at 1289.  Courts are to "rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."  Id. (quotation omitted).  Specifically, "the requisite amount in controversy must be affirmatively established on the face of either the petition or the removal notice."  Id. (quotation omitted).

3

Unjust Enrichment

In their response to the court's order, Defendants pointed to First Western's cause of action for unjust enrichment, in which it seeks reimbursement for all monies paid to Defendants under the Policy. Defendants have offered documentation that First Western paid a one-year premium of $14,575 for the Policy. (Resp. to Order to Show Cause, Ex. C.) The court finds that $14,575 has been established by a preponderance of the evidence.

Attorneys' Fees

The complaint requests attorney's fees for First Western's costs in defending the underlying state court suit. The Defendants argue that, based on the docket of the state court case, the court can estimate retained "attorney time of one hundred hours at a very reasonable rate of $250 per hour" for a total of $25,000. (Resp. to Order to Show Cause.) The docket, however, is insufficient to find attorneys' fees of $25,000 by a preponderance of the evidence. Although the litigation appears to have lasted for five years, it appears the case never advanced beyond the early stages of discovery. (Resp. to Order to Show Cause, Ex. B.) There is simply no reliable way to estimate the time spent by First Western's attorney in this matter based on the information available. Given the directive to this court that "the requisite amount in controversy must be affirmatively established on the face of either the petition or the removal notice," the court cannot find by a preponderance of the evidence that First Western is requesting $25,000 in attorney's fees. Martin, 251 F.3d at 1289 (quotation omitted).

The complaint also requests attorneys' fees for bringing this action. The Defendants argue that "[i]f one estimates the attorneys' fees and costs in this action to also be in the neighborhood of $25,000, the amount in controversy is increased by $50,000." (Resp. to Order

4

to Show Cause.)  At this time any estimation of attorneys' fees in this case would be entirely speculative.  Accordingly, such estimations cannot meet the preponderance of the evidence standard and be counted toward the amount in controversy.  See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 736 n.12 (4th Cir. 2009) ("At this stage of litigation, however, an estimate of attorneys' fees is pure speculation, and so, on this record, cannot be used to augment the amount-in-controversy calculation.").

Exemplary Damages & Loss of Business

The complaint also alleges damages for loss of business, lost profits, damage to reputation, and exemplary damages.  The Defendants concede that they have no way of calculating what these damages might total.  There is therefore no way to include this damages in an estimation of the amount in controversy.

Indemnification

The Defendants argue that the underlying lawsuit may have settled for $15,000.  They maintain that First Western filed a memorandum in the state court action asserting the suit had settled for $15,000, but Mr. Mardanlou denied that a settlement agreement had been reached. The memorandum was not attached as an exhibit and the court has not had an opportunity to review it.  The state court's docket shows that the case ultimately settled, but the settlement amount was not made part of the record in the state court case.  (Resp. to Order to Show Cause, Ex. B.)  Absent supporting documentation, the court cannot find that the settlement amount was $15,000.  But, even assuming that such a finding could be made, the total established amount in controversy would be less than $30,000 and well below that statutory requirement of $75,000.

**ORDER**

Accordingly, an amount in controversy exceeding $75,000 has not been established by the

Defendants.  This case is **REMANDED** to  the Third Judicial District Court of Salt Lake County for

lack of subject matter jurisdiction.


DATED this 23d day of October, 2009.

BY THE COURT:

TENA CAMPBELL
Chief Judge